# CITY OF BILLINGS, Appellant, v. BROWN, Respondent.

### St. Louis Court of Appeals, April 12, 1904.

1. **MUNICIPAL CORPORATIONS: Violation of Ordinance: Motion to Dismiss.** A motion to dismiss a prosecution for violation of a municipal ordinance, for informalities in the complaint, and on the ground that it charged no offense, should not be sustained, when the ordinance is not introduced in evidence, unless the complaint is fatally insufficient in form, or in stating an act that could not be made a subject of punishment by the municipality.

2. ———: ———: **Civil Proceeding.** A proceeding by a city of the fourth class against one for violation of an ordinance enacted under section 5978 of the Revised Statutes of 1899, is of a civil character and requires no information to be filed by the city attorney or. any one else.

3. ———: ———: **Sufficiency of Complaint.** A complaint against one for selling meat without license, levied by a city of the fourth class under section 5978 of the Revised Statutes of 1899, is not invalid for failing to deny that the meat sold by the defendant was the product of his farm, where it nowhere appears that defendant is a farmer or has a farm.

Appeal from Christian Circuit Court.—*Hon. Asbery Burkhead,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. T. Lamkin* and *V. O. Coltrane* for appellant.

(1) The city of Billings as a city of the fourth class has the charter power to levy and collect a license tax on butchers or dealers in fresh meat. R. S. 1899, sec. 5978; Davis, v. Macon, 37 Am. 60. (2) This prosecution is but a civil action, and the sufficiency of the complaint must be determined by the same rules that govern other civil actions. The ordinance for the violation of

which the proceeding was commenced was not before the trial court, but it must be presumed the complaint substantially follows the language of the ordinance. That is all that is required. Trenton v. Devorss, 70 Mo. App. 8; St. Louis v. Weitzell, 130 Mo. 600. (3) Proceedings in the nature of civil actions for the recovery of fines for violations of municipal ordinances need not be commenced by information or indictment. Marshall v. Standard, 24 Mo. App. 192; Ex parte Kiburg, 10 Mo. App. 442; Ex parte Hallowell, 74 Mo. 395. (4) It is not necessary that the complaint should allege that the sale was willfully or unlawfully made. Savannah v. Dickey, 33 Mo. App. 522.

GOODE, J.—The proceeding is a prosecution based on a municipal ordinance and was started by the following complaint filed with the mayor of the city mentioned in it:

"J. J. Pearce and C. A. Dewitt come and make complaint to M. D. Gwinn, mayor of the city of Billings, that Charles Brown did on the twenty-eighth of November, 1902, within the corporate limits of the city of Bilings, in Christian county, State of Missouri, deal in, retail and sell butchered meat, to-wit: fresh butchered beef to one J. O. Hail and others without first procuring a license as a dealer in fresh meat, contrary to the provisions of sections 119 and 122 of an ordinance of said city, entitled an ordinance in relation to licenses.

"C. A. Dewitt and J. J. Pearce,

"Complainants.

"Subscribed and sworn to before me this ninth day of December, 1902.            M. D. Gwinn,

"Mayor."

The defendant was fined by the mayor and appealed to the circuit court, where this motion was filed:

"Comes now the defendant, Charles Brown, by his

attorney, and moves the court to dismiss the original cause of action for the following reasons:

"1.    Because the complaint herein filed charges no offense.

"2.    Because the complaint does not negative the fact that fresh meat alleged to have been retailed was the product of the defendant's farm.

"3.    Because the complaint does not allege that the sale was willfully and unlawfully made.

"4.    Because the complaint does not purport to be under oath, nor is it verified as by law required.

"5.    Because cities of the fourth class have no power to regulate, license or prohibit the sale of fresh meat within the city limits, except by butchers or keepers of meat shops.

"6.    Because the complaint is not signed by any official of said city, nor upon the affidavit of any official of said city.

"7.    Because said complaint is not made for recovery of a penalty, but is a criminal proceeding, and no information is filed by the city attorney."

The motion was sustained, judgment entered that the defendant go without day and an appeal taken by the city.    The case is here on a full transcript, but the bill of exceptions does not show that the city ordinance alleged to have been violated, or evidence of any kind, was introduced at the hearing of the motion to dismiss; and it is said by counsel that the ordinance was not before the court.    The motion could not be intelligently disposed of without reference to the ordinance, unless the complaint is fatally insufficient in form, or in stating an act that, according to constitutional or statutory principles, could not be interdicted by the municipality or made the subject of punishment.

The complaint was verified whether it needed to be or not under section 5926 of the Revised Statutes.

Cities of the fourth class are empowered to levy and collect a license tax on butchers.    R. S. 1899, sec.

5978. Presumably the city of Billings had enacted an ordinance under that grant of power, which the defendant disregarded. Whether the complaint charged the offense in the terms of the ordinance or not can not be known, as the ordinance was not put in evidence. If it had been and the plaintiff had failed to preserve it in the bill of exceptions, we would presume, in support of the circuit court's judgment, that it was departed from in the complaint. But as it was not before that court, it was not construed as the basis of the decision. Most of the reasons assigned in the motion for the dismissal of the cause relate to matters that can not be considered in the absence of the ordinance on which the complaint was drawn.

The proceeding is of a civil character and required no information to be filed by the city attorney or any one else. Ex parte Hallowell, 74 Mo. 395; St. Louis v. Knox, Id. 79.

The effect of the failure of the complaint to allege the fresh meat sold by the defendant was not the produce of his farm, depends largely on the wording of the ordinance on which it is founded. Said regulation may or may not make a negative averment of that character necessary. It is intimated that section 6146 of the Revised Statutes gives farmers the privilege of selling in towns fresh meat which they have produced on their farms, without taking out a license. That view of the statute strikes us as erroneous; but a decision need not be given on the point in the present case. The statute certainly does not invalidate the complaint for failing to deny that the meat sold by the defendant was the product of his farm. It nowhere appears that he is a farmer or has a farm.

The judgment is reversed and the cause remanded with directions to set aside the dismissal of the cause and try it. *Bland, P. J.,* and *Reyburn, J.,* concur.