THE CITY OF KIRKSVILLE, Appellant, v. JOHN MUNYON, Respondent.

Kansas City Court of Appeals, November 6, 1905.

MUNICIPAL CORPORATIONS: Recorder's Court: Information: Trial. Under the ordinances of the city of Kirksville relating to procedure in recorder's court, the violator of an ordinance may be proceeded against by the filing of a sworn statement of any person, and it is not necessary for the city attorney to file an official information as required by the statute regulating criminal proceedings in justices' courts. "Procedure" and "trial" distinguished.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*A. D. Risdon* and *A. Doneghy* for appellant.

(1)   The action is civil, was so held as early as St. Louis v. Smith, 10 Mo. 438. And the courts have not since departed from that ruling. Bluff v. Hill, 92 Mo. App. 19; Springfield v. Starke, 93 Mo. App. 741. And is to be governed by the rules applicable to civil procedure. In re Miller, 44 Mo. App. 125. The cause being civil, jurisdiction of the person could be obtained as in any other civil suit. In re Ada Jones, 90 Mo. App. 323; Delaney v. Court, 167 Mo. 678.   (2)   Chapter 91, art. 4, sec. 5793 to 5809 inclusive, R. S. 1899, in regard to cities of the third class, prescribes the procedure by which a city of that class shall collect a penalty for violation of its ordinances, and nowhere in the charters of cities of the third class do we find a hint or suggestion of an information or any other pleading signed by the city attorney. And the courts have repeatedly said that proceedings in the nature of civil actions for the recovery of fines for violation of municipal ordinances need

not be by information.   Ex parte Kibough, 10 Mo. App. 442, and Ex parte Hallowell, 74 Mo. 395; Kansas City v. Neal, 122 Mo. 234; St. Joseph v. Harris, 59 Mo. App. 129.   (3)    Section 8 of ordinance No. 151, is a reproduction of section 3765, R. S. 1899, with this addition, "and all trials before the recorder shall be conducted in like manner as cases before the justice of the peace." And we insist, strenuously, that those words are not sufficient to read the practice act of justices of the peace, in misdemeanor cases both before and during trial into the said ordinance No. 151, and should only be taken to emphasize the fact that, "the trial, when once instituted, should thereafter, be carried on in like manner as in cases before the justice of the peace."   City of Cassville v. Jimison, 75 Mo. App. 429.

*Rieger & Rieger* for respondent.

We suggest that in the absence of an ordinance requiring "that a defendant shall be entitled to a trial by jury as in prosecutions before justices of the peace, and all trials before the recorder shall be conducted in like manner as cases before justices of the peace," and further absence of an ordinance requiring that "The city attorney shall prepare all necessary complaints for the violations of the ordinances of the city," then cities of the third class under their charter might prosecute violators of the law upon the affidavit of a private person alone, and it would not be necessary for the city attorney to proceed as in cases of misdemeanors before justices, but where a city in the exercise of its legislative powers decides that prosecutions for offenses committed should not be left to the whim, caprice, hatred or malice of every person who considers himself aggrieved, but to the wisdom, experience and responsibility of its sworn officers, viz.: the city attorney, and pass an ordinance requiring the prosecutions to be the same as cases of misdemeanors before justices and require the city attor-

ney to file such complaints, the court acquires no juris-
diction unless the city attorney complies with the ordi-
nance. Kansas City v. O'Connor, 36 Mo. 594.

JOHNSON, J.—Defendant was arrested under a
warrant issued from the police court of the city of
Kirksville, a city of the third class, upon the verified
complaint of the prosecuting witness, which charged him
with the violation of an ordinance. He was tried be-
fore a jury, convicted, and fined, and in due time ap-
pealed to the circuit court where he filed a plea in abate-
ment, attacking the jurisdiction of the court over the
action upon the ground that the ordinance regulating
the procedure in such cases provides that "defendant
shall be entitled to a trial by jury, as in prosecutions
before justices of the peace, and all trials before the re-
corder shall be conducted in like manner as cases be-
fore the justice of the peace," and, as no information
signed by the city attorney was filed, the police court
was without authority to proceed with the trial and lost
jurisdiction over defendant. After hearing evidence in-
troduced in support of the plea, the court sustained it
and discharged the defendant. From the judgment, the
plaintiff city appealed.

It appears to be conceded that in the absence of
municipal legislation to the contrary a defendant charg-
ed with the breach of an ordinance may, under the stat-
utes applying to cities of the third class, be proceeded
against upon the filing of a sworn complaint of any per-
son, but it is insisted that the practice prescribed by
statute regulating the procedure in misdemeanor cases
before justices of the peace, which requires the filing of
an information signed and verified by the prosecuting
attorney before the accused may be put upon trial, was
by the ordinance pleaded in abatement adopted as the
rule of procedure in cases of a quasi-criminal nature
arising in the police court. The case of City of Kansas
v. O'Connor, 36 Mo. App. 594, is relied upon as authority

for this contention. In that case, the ordinance provided, *"All cases triable before such recorder shall be proceeded with in the same manner as trials before justices of the peace for misdemeanors."* We held that the defendant could not be tried without the filing of an information by the city attorney, for the reason that the word "proceeded" embraced all acts of procedure, which is a general term including pleading, process, evidence, and practice, in fact, every step that may be taken from the beginning to the end of the case. It will be perceived that the basis for the conclusion there reached is absent from the case in hand. Here, the language employed in the ordinance is, *"All trials before the recorder shall be conducted in like manner as cases before the justice of the peace."* The word "trial" is not the equivalent of the word "procedure" and is less comprehensive. It does not include those acts, by which the defendant is brought into court and the issues of law and fact are presented, but relates solely to the examination before the tribunal of the facts or the law put in issue and the determination thereof. Defendant was properly brought into court under the complaint of the prosecuting witness and, as the filing of an information was not by the ordinance made a condition precedent to his trial, the general rule controlling such cases applies. Under it, no information is required in an action arising in a municipal court to impose a penalty for the violation of an ordinance. [Ex parte Kiburg, 10 Mo. App. 442; Ex parte Hollwedell, 74 Mo. 395; Kansas City v. Neal, 122 Mo. 232.]

We have examined the points presented by defendant in support of his claim that the appeal should be dismissed and find them to be without merit. The judgment is reversed and the cause remanded. All concur.