# CITY OF RICHLAND, Appellant, v. JOHN NULL, Respondent.

Springfield Court of Appeals, June 26, 1916.

1. **MUNICIPAL CORPORATIONS: Powers:  Conferred by Statute.** A city of the fourth class can exercise only such powers as are granted in express words to it by the statute or those necessarily incident to or implied in the powers expressly granted.

2. ———: ———: **Officers:  Police Judge and Mayor:  Jurisdiction.** In a city of the fourth class the jurisdiction of the Mayor acting as Police Judge is limited and must be exercised in strict conformity to the statute.

3. **COMPLAINT: Definition.** The term "complaint" does not mean an indictment or information. It is a technical term descriptive of proceedings before magistrates, a form of legal process which consists of a formal allegation or charge against a party, made or presented to the appropriate court or officer as for a wrong done or a crime committed.

4. **MUNICIPAL CORPORATIONS: Cities of Fourth Class: Complaints and Prosecutions.** Legislative enactments and provisions in relation to filing of complaints and prosecutions in cities of the Fourth class traced, citing: Laws 1877, p. 181, sec. 3; R. S. 1879, sec. 4983: R. S. 1889, sec. 1635; Laws 1895, p. 71, sec. 33; Laws 1909, p. 303; R. S. 1909, sec. 9332.

5. **LAWS: Statutory: Construction of.** Where a law is ambiguous, such a construction should be placed upon it as will promote justice and be conducive to reasonable results.

6. **MUNICIPAL CORPORATIONS: Ordinances: Violation: Complaint: Who May Make.** Sections 9330, 9332, 9334, R. S. 1909, do not limit to city officers the right to make a complaint for a violation of a city ordinance. A private individual may make such complaint.

Appeal from Pulaski County.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions.*)

*C. L. Morgan* for appellant.

*J. L. Johnson* of Counsel.

*Frank H. Farris, W. D. Johnson* and *S. J. Manes* for respondent.

ROBERTSON, P. J.—A verified complaint was filed with the mayor of plaintiff city by a private citizen charging defendant with violating a city ordinance. A warrant was issued, defendant was arrested and upon a trial he was convicted. He appealed to the circuit court and there filed a motion to dismiss. The motion was sustained and the city has appealed. The propositions of law involved and the contentions in behalf of defendant are succinctly stated by his attorneys as follows:

194 M. A.—12

"The City of Richland is a city of the fourth class and was incorporated under the statute of this State permitting the same and derived all of its power from article V of chapter 84, Revised Statutes of Missouri, 1909; in other words, the above article is the Constitution for the city and the document to which it must look for all of its rights and privileges and from which it must derive all of its power. It cannot act except under the provisions of such article, or under the authority of its own ordinance enacted and created by the authority given by such statute.

"A proper determination of this cause will require the court's attention to sections 9327, 9328, 9330, 9332, 9333 and 9334, Revised Statutes 1909.

"Section 9327 provides among other things that the duties, powers and privileges of officers of every character in any way connected with the city government not herein defined shall be prescribed by ordinance.

"Section 9328 provides that the marshal shall have power at all times to make or order an arrest with proper process for any offense against the laws of the city, and shall also have power to make arrests without process for offense against the city laws committed in his presence.

"Section 9330 provides that the Mayor and Police Judge shall have exclusive original jurisdiction to hear and determine all offenses against the city ordinance, and that he shall keep a docket in which he shall enter every case commenced before him, and the proceedings therein.

"Section 9332 provides the style for the prosecution and requires that the Mayor shall state in his docket the name of the complaint, the nature and character of the offense, the date of the trial, the names of all the witnesses sworn and examined, the finding of the court or jury, and every fact necessary to show the full proceedings in each case; said section further provides that the complaint, when made by the marshal or any policeman against any person arrested without process and in custody, shall be reduced to writing and

sworn to by officer before such person shall be put upon his trial.

"Section 9333 provides that all warrants issued by the Mayor shall be directed to the city marshal, etc., and provides for the manner of service.

"Section 9334 provides that when any person shall be arrested and brought before the Mayor that he shall hear and determine forthwith the complaint alleged against the defendant, unless the trial be continued; and further provides that the defendant shall be entitled to a trial by a jury, as in prosecutions before a Justice of the Peace.

"It will be noted that all of the sections are silent as to the grounds upon which the Mayor may issue a warrant or upon the things to be done to justify its issuance.

"It will also be noticed that all of these sections, and in fact all of the statutory enactments touching cities of the fourth class, are absolutely silent and make no provision for the filing of any complaint by a private citizen, either orally or in writing. The only reference made to a complaint, except by an officer of the city, being in section 9332, which requires the Mayor to state in his docket the name of the complainant.

"Respondent contended in the court below, and as well as here, that the mere affidavit of a private person was not sufficient to begin and maintain a suit in behalf of the city against an individual to recover for the city a penalty provided by its ordinance for a violation thereof; that it was necessary that some officer created by law, and upon whom rested the enforcement of the laws of the city, should father such prosecution for two reasons:

"1st. The Charter or Constitution of the city did not authorize prosecutions in the name of the city in such way and manner and that there was no other law which did authorize it.

"2nd. That to permit prosecutions in that manner would allow an individual not an officer of the city to engage the city in a lawsuit, and entail labor and ex-

pense upon the officers as well as upon the citizens, without the consent of the city or its constituted authorities."

The first legislation on the subjects covered by section 9332, Revised Statutes 1909, was in 1877 (Laws 1877, p. 181, section 3) and that part now material then read as follows: "The complaint, when made by the marshal, assistant marshal, or regular poilceman, need not be in writing, if the defendant be present in court and in custody, but in every other case the complaint shall be in writing and sworn to before the warrant be issued for the arrest of the defendant." The section as then enacted is the same as it appears in Revised Statutes 1879 (section 4983) and in Revised Statutes 1889 (section 1635).

In 1895 (Laws 1895, page 71, section 33) that part of the section was changed to read as follows: "The complaint, when made by the marshal or any policeman against any person arrested without process, and in custody, shall be in writing, and sworn to, before a warrant be issued for his arrest."

In 1909 (Laws 1909, p. 303) this law was again amended so that it reads as it now appears in said section 9332, Revised Statutes 1909, as follows: "The complaint, when made by the marshal or any policeman against any person arrested without process and in custody, shall be reduced to writing and sworn to by such officer before such person shall be put upon his trial."

Section 9328, Revised Statutes 1909, providing that the city marshal shall have power to make arrests without process in all cases in which offenses against the city shall be committed in his presence, took its present form in 1895 (Laws 1895, p. 71, section 29).

We shall adhere to the rules insisted upon by the defendant that plaintiff city can exercise only such powers as are granted in express words, or those necessarily incident to, or implied in the powers expressly granted; that the jurisdiction of the mayor, acting as police judge, is limited and must be exercised in strict conformity to the statute and that the *complaint* re-

ferred to in said sections 9332, and 9334 does not mean an indictment or information as used in our constitution and statutes governing prosecutions for criminal offenses; but is such a procedure as is referred to and authorized by said sections. That "complaint" is a technical term descriptive of proceedings before magistrates was held in Commonwealth v. Davis, 11 Pick. (Mass.) 432, 436. In 8 Cyc. 407 we find this definition: "A form of legal process which consists of a formal allegation or charge against a party, made or presented to the appropriate court or officer, as for a wrong done or crime committed; in the latter case generally under oath. . . . In criminal practice, a charge, preferred before a magistrate having jurisdiction, that a person named (or an unknown person) has committed a specific offense, with an offer to prove the fact, to the end that a prosecution may be instituted."

The defendant concedes that the plaintiff city had authority to prosecute parties upon complaint but insists that the complaint must be made by the proper city official. This is not so provided in express words except as to the marshal and policeman and we must, therefore, apply one of the rules recognized by defendant and ascertain what is necessarily implied by or incident to the power given to prosecute on complaint.

Another rule not to be overlooked or ignored is that any construction placed upon an ambiguous law should be such as will promote justice and be conducive to reasonable results. [Keeney v. McVoy, 206 Mo. 42, 66, 103 S. W. 946; St. Louis v. Christian Brothers College, 257 Mo. 541, 552, 165 S. W. 1057; Barber Asphalt Paving Co. v. Hayward, 248 Mo. 280, 287, 154 S. W. 473.]

Considering said section 9332 in the light of its evolution we find that when first enacted in 1877 it required the complaint to be in writing and sworn to except when made by the marshal, his assistant or a regular policeman and the defendant was present or in custody. The section as amended in 1895, then in the same act with said section 9328, was somewhat inconsistent in stating that when the complaint was made

by the marshal or policeman against a person arrested without process, and in custody, should be in writing and sworn to before a warrant be issued for his arrest. Under the facts stated in the first part of that sentence there was no necessity for a warrant for arrest, because the defendant had already been arrested and taken in custody by the officer in whose presence. the offense was committed, so it is evident the amendment of 1909 was made with the view of correcting this inconsistency and requiring that if the police officer made the complaint, when such officer had arrested the offender without warrant, he should do so in writing and swear to it before the defendant is tried. These two last amendments had in view the protection of an accused against arbitrary and informal prosecution by police officers who arrest him without a warrant for an offense alleged to have been committed in the presence of such officer. The first enactments required no formal complaint by these officers, but later they were required, when they produced an alleged offender in the city court without a warrant to file a written and verified complaint, thus rendering it more difficult to practice impositions and requiring the officer in whose presence the offense was alleged to have been committed to initiate the prosecution of the offense, the commission of which in his presence was his only authority for the arrest. The whole object and purpose of the amendments of this section, we think, were to curtail and guard the power of police officers.

Sections 9332, 9331 and 9334, impliedly recognize that others than the police officers may file a complaint, which we understand defendant concedes, but we cannot conclude that only a city official may be inferred. We do not believe that reason and justice will support such a contention. If a private individual knows of a violation of a city ordinance we can think of no harm that can be done if he be permitted by complaint to submit to the proper officials a basis for a prosecution. The city's interests can be protected by the proper officials. The complaining party has no such control over the

prosecution as will enable him to assume complete and exclusive control of the case. The purpose and definition of the term "complaint" is not so extensive. On the other hand if this construction were not adopted opportunities might be more readily offered for impositions on the city and its inhabitants. If the action of some officer who might be absent or dilatory could not be obtained offenders would be given an opportunity to escape if a warrant could not be procured on the complaint of a private citizen.

In the case of City of Billings v. Brown, 106 Mo. App. 240, 242, 80 S. W. 322, one of the grounds alleged for the dismissal was "Because the complaint is not signed by any official of said city, nor upon the affidavit of any official of said city." The judgment of the circuit court in sustaining the motion was reversed. In City of Kirksville v. Munyon, 114 Mo. App. 567, 91 S. W. 57, the complaint was made by a private person and an objection on the ground was urged, but overruled. In both of those cases the point ruled was that the prosecutions did not need to be on information as in a criminal prosecution. The question raised in the case at bar was not discussed as here submitted; however, in the case at bar we do meet the point urged and hold that a warrant and a prosecution for the violation of an ordinance of a city of the fourth class may be based on a complaint of a private person. To so hold is no more reading into the statute than is contemplated in the construction contended for by defendant that a city official is the only person upon whose complaint a warrant and prosecution may be based. By our construction no right claimed for the city is violated and greater latitude is given for the enforcement of the ordinances of the city "enacted for the better promotion of peace and good order within its limits." [Kansas City v. Neal, 122 Mo. 232, 234, 26 S. W. 695.] This case also holds, as does King City v. Duncan, 238 Mo. 513, 518, 142 S. W. 246, that such proceedings are civil in form. We think that this branch of procedure ought to be open to all persons desiring to lodge in the

city court a complaint of the violation of the ordinances of the municipality.

The judgment of the trial court is reversed and the cause remanded with directions to set aside the order of dismissal and to overrule the motion to dismiss.

*Sturgis* and *Farrington, JJ.,* concur.