**STATE of Missouri, Respondent,**

v.

**William J. HAMEL, Appellant.**

**No. 52641.**

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1967.

Norman H. Anderson, Atty. Gen., Richard C. Ashby, Asst. Atty. Gen., Jefferson City, for respondent.

John W. Howald, Hillsboro, for appellant.

HENLEY, Presiding Judge.

On May 13, 1931, appellant, hereinafter referred to as movant, entered a plea of guilty to a charge of robbery in the first degree. Thereafter, on May 22, 1931, judgment was entered sentencing him to imprisonment for his natural life. Sections 4058 and 4061, RSMo 1929.

On September 8, 1965, while in custody serving his sentence, he filed a motion in the trial court pursuant to S.Ct. Rule 27.26, V.A.M.R., to vacate and set aside that judgment and sentence, and on December 9, 1965, he filed an amended motion. Counsel was appointed to represent him; a hearing was held at which he appeared with counsel; the court made findings of fact and conclusions of law and entered an order overruling the motion. Movant ap-

peals from that order. He is represented in this court by the same counsel, who has filed a brief and presented oral argument in his behalf.

Movant briefs three points: (1) that he was not afforded a preliminary hearing on the charge of first degree robbery and that the sentence is excessive; (2) that he was denied effective assistance of counsel; (3) that he was misled by his attorney and the prosecuting attorney and thereby induced by them to plead guilty.

The trial judge hearing the evidence adduced on this motion reasonably could find the facts to be as follows. The movant was charged by a complaint filed by the prosecuting attorney in justice of peace court with robbery in the second degree, and that it was on this charge that he was afforded ι preliminary examination; that the information thereafter filed in the Circuit court of Jefferson county charged him, under the Habitual Criminal Act, with robbery in the first degree. On May 11, 1931, he appeared for arraignment, without counsel; he waived formal arraignment and entered a plea of not guilty; the court appointed counsel for him and set the case for trial for May 13. On the latter day he appeared with his counsel, announced ready for trial, a jury was selected and sworn, and the trial proceeded with the state presenting the testimony of two or three witnesses. At this point movant's counsel, with his permission, withdrew the plea of not guilty and entered a plea of guilty to the crime charged in the information; the jury was discharged, and the cause was passed to May 22 for sentencing. On that date, he again appeared with his counsel, allocution was granted, and he was sentenced to imprisonment for life.

By the time this motion to vacate was heard, E. M. Dearing, the Circuit Judge who accepted movant's plea of guilty in 1931; the court reporter, Claude Jarvis; the prosecuting attorney, Sam McKay; and movant's former counsel, R. E. Kleinschmidt, were all dead. The only former court official now living shown to know anything about the facts was Carl Clark, Sheriff of Jefferson county in 1931, and he, understandably, could recall little more than that movant had signed a written confession to the crime charged; he recalled also that movant's trial was begun before a jury; that several state's witnesses were heard; and that the trial was interrupted to permit him to enter a plea of guilty. He remembered Mr. Kleinschmidt as an effective, able lawyer with considerable experience.

Movant does not contend that he is innocent. As a matter of fact, he more or less continues to admit his guilt; he testified: " * * * I think I have paid a tremendous debt to society for what I have done, and if the Court sees fit I would like to have another chance at life * * *." He further testified that shortly after his arrest a confession was "typed up," but that he did not sign it; that he requested the assistance of counsel on May 11, 1931, but counsel was not appointed until the morning of his trial, after the jury was selected; that he had only a few minutes to confer with counsel before the state's witnesses testified; that when he appeared in Circuit court on May 11, Judge Dearing " * * * read that I was being charged with the crime of robbery, and I don't remember all the details of it * * *"; that no one ever told him the exact nature of the charge and the punishment which could be imposed; that after the witnesses testified, his attorney said: "It looks pretty bad * * * if you enter a plea of guilty they will let you off for twenty years;" that he told his attorney he would plead guilty if the punishment was only twenty years; that he did enter a plea of guilty, after his attorney had conferred with the Judge and Prosecuting Attorney and reported back to him that "everything is all fixed"; that his attorney was not present on the day he was sentenced and the prosecuting attorney made no recommendation to the judge; that the judge originally sentenced him to death by

hanging, but, "First, he asked me if I had anything to say and I told him none other than what transpired in the court room the other day, that I entered a plea with the understanding that my time wouldn't exceed twenty years, and he said 'Denied.' And then he said, 'I will sentence you the remainder of your natural life.' "

His first point is in two parts: (1) that he was not afforded a preliminary examination in justice of peace court on the charge of robbery in the first degree, and (2) that the sentence of life imprisonment is excessive. He bases these contentions on these premises: that the complaint filed in justice of peace court charged robbery in the second degree for which the maximum sentence was five years; that it was on this charge only that he was afforded a preliminary examination, not robbery in the first degree for which he could be sentenced to life imprisonment; that the information charging first degree robbery was unauthorized, because he had not been afforded a preliminary examination on that charge; that the information should be considered as charging second degree robbery only and his plea of guilty should be considered as being to that charge only; therefore, his sentence to life imprisonment is excessive.

■ There is no merit in this point. By announcing ready and proceeding to trial on the charge of first degree robbery and, after hearing at least a part of the state's evidence, by entering a plea of guilty to that charge, defendant waived any objection he might have had that he had not been afforded a preliminary examination on robbery in the first degree. State v. Gee, Mo., 408 S.W.2d 1, 2 [2]; State v. Richardson, Mo., 347 S.W.2d 165, 169 [7, 8]; State v. Shaw, Mo., 357 S.W.2d 894, 896 [3]. The sentence to life imprisonment was authorized by § 4061, RSMo 1929 (now § 560.135, RSMo 1959, V.A.M.S.), and is not excessive.

■ His next point is that he was denied effective assistance of counsel in that (1) counsel was not appointed until two days before trial date, (2) that he had no opportunity to confer with counsel until the morning of the trial, and (3) his counsel was not present when he was sentenced. The fact that counsel was appointed two days before trial, and the claim, if true, that he had no opportunity to confer with counsel until the morning of trial do not, of themselves, show conclusively that he was thereby deprived of effective assistance of counsel. The time and effort required to prepare for trial varies with the nature of the charge and counsel's familiarity with the facts and applicable law. The burden of proof is on movant to show that more time for preparation was in fact needed; that it was requested and denied. He does not attempt to prove that more time was needed, nor does he contend that more time was requested and denied. In these circumstances we may assume that had more time been required his counsel would have applied for a continuance and, on a proper showing, that the court would have sustained the application. We may not assume the contrary. Movant is in no position to complain of want of time for preparation where he did not ask for it. State v. McMillian, Mo., 383 S.W.2d 721, 722 [1]; State v. Stucker, 352 Mo. 1056, 180 S.W.2d 719, 720 [4].

His contention that his counsel was not present when he was sentenced is closely allied to and will be discussed in connection with the third and last point in his brief. First, we note that the court record of May 22, 1931, the day of sentencing, shows that movant's attorney was present representing him when allocution was granted and sentence imposed.

In his last point he contends that he was persuaded to plead guilty by promises and assurance from his attorney (after his attorney had conferred with and secured the agreement of the judge and prosecuting attorney) that if he would do so his sentence would not exceed twenty years' imprisonment. He asserts the presence of his

attorney at sentencing was necessary for the purpose of enforcing this agreement and, if it were not to be honored, for the purpose of protecting his rights by moving to withdraw the plea of guilty.

■ The burden is on movant to prove the allegations of his motion to set aside the judgment and sentence, State v. Washington, Mo., 399 S.W.2d 109, 112 [7], and the court is not bound to accept as true that which the records in his original case, made more than thirty years ago, show to be erroneous or untrue. State v. Harris, Mo., 382 S.W.2d 642, 643 [1]; State v. Ninemires, Mo., 306 S.W.2d 527, 531 [12]. The trial judge found that movant's attorney was present when he was sentenced. The judge obviously did not believe movant's testimony that his attorney was not present when he was sentenced and that he was induced to plead guilty by a promise that his sentence would not exceed twenty years. The judge was not bound to accept his testimony as true; nor are we. He did not meet his burden and the point is denied.

While it is necessary that one convicted of crime in violation of constitutional rights be accorded immediate relief, it is equally necessary for the protection of society against false claims that reasonable diligence be exercised to present claims of violation of such rights. The right to petition for the writ of habeas corpus was available to movant the day he began his sentence; the more simple method provided by S.Ct. Rule 27.26 has been available to him for at least one-third of the time he has spent serving his sentence. During this period of time witnesses have become unavailable and recollections have dimmed; those whom he asserts were parties to the alleged assurance and agreement that his sentence would not exceed twenty years are now dead; their mouths are closed to deny his assertion. Yet he offers no explanation for his inordinate delay in seeking post-conviction relief.

■ While a motion under Rule 27.26 may be filed at any time and the doctrine of laches is inapplicable, Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, it must be recognized that lapse of time may be considered in determining the good faith and credibility of one seeking post-conviction relief.

We concur fully with the findings of the trial court. Accordingly, the judgment is affirmed.

All concur.