STATE of Missouri, Respondent,

v.

Charles J. BLACKSTONE, Appellant.

No. 54132.

Supreme Court of Missouri,
Division No. 2.

July 13, 1970.

---

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

John J. Cosgrove, Willard B. Bunch, Kansas City, The Legal Aid and Defender Society of Greater Kansas City, for appellant.

BARRETT, Commissioner.

On December 9, 1935, Charles J. Blackstone, then 21, entered pleas of guilty to robbery and murder, the murder being of one of the victims of the robbery, and was sentenced in each case to life imprisonment. Thirty-two years later he instituted this 27.26 proceeding in which he asserted (1) "I was compelled by brutal force by arresting officers" and (2) "I was without financial means to secure an attorney that could have possibly given me the proper instructions to take in my personal behalf, so being in fear and poor pled guilty." In the trial of this proceeding he was represented by Mr. Gerald V. Liljedahl and he and his counsel were given every opportunity to present any evidence and any matter they desired. The hearing commenced on April 18, 1968, and at the court's suggestion was recessed until August 7, 1968, to the end that counsel for the state and the defendant might be able to discover other records or evidence. The only thing unearthed was the judge's minute book of 1935 which shows that Blackstone was' represented by Jacobstein and Lawler, that upon the appearance of defendant and his counsel there were pleas of guilty and sentences of life imprisonment. Other records showed that in 1935 Blackstone had signed a waiver of preliminary hearing and right to consultation with friends and counsel and that he appeared in circuit court on December 8, 1935, withdrew his former pleas of not guilty and entered pleas of guilty to both offenses. The trial court found (1) that the evidence adduced did not support the charge of "police brutality" and (2) that his claim of ineffective counsel was unsupported and he has appealed from that judgment and in this court has been represented by the Legal Aid and Defender Society of Kansas City.

The parties have briefed and argued two points (1) ineffective assistance of counsel when he pleaded guilty in 1935 and (2) that *"appellant's statement* made to the police officers, *in which he confessed to the crimes,* was obtained by means of threats

and by physical punishment" all in violation of his constitutional rights.

Aside from the mentioned records there were no witnesses other than the appellant, age 53 when the hearing was conducted. In this hearing he denied that he had ever made "a statement," admission or confession of the robbery and murder to anyone at any time other than by and when he entered the pleas of guilty. The appellant is an epileptic and, he said, "my mentality to this effect is not too effective" and he could not "be authentic to know dates or months" or even the name or names of his lawyers. He said, "truthfully speaking I don't even know the judge that convicted me." He said that he had no witnesses and that there couldn't have been any because he did not commit either the robbery or the murder, "I happened to be in the vicinity of where the said crime was committed at the wrong time, seemingly." He did say that "When I was fixing to go to trial" he had a chance to talk to his attorney "15 minutes or 20, at the most" and "this lawyer told me that it would be the best for me to change my plea of not guilty to guilty, even though I wasn't guilty." He had a prior criminal record and repeatedly he said that the only reason he entered pleas of guilty was his fear of "getting hung"—"they was hanging them pretty fast back in them days." He did say that over a period of seventy-two hours he was beaten by the police but he denied making a statement or admission. "Q. And it is your testimony that the only reason you pleaded guilty in these two cases was because you were afraid if you went to trial you would get the death penalty? A. That's right. That is the only reason."

In these circumstances there is no place for a claim of either coerced confession or ineffective assistance of counsel and obviously no support or basis whatever for a claim of infringement of constitutional rights and hence no place for the application of the principles enunciated in Goodwin v. Swenson, D.C., 287 F.Supp. 166, and Pedicord v. Swenson, D.C., 304 F.Supp. 393. The appellant not only failed to sustain his burden of proof on any issue, there is simply no proof and no factual or record basis for any of his claims and this appeal falls within and is governed by McMann v. Richardson, 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441; Crosswhite v. State, Mo., 426 S.W.2d 67; State v. Hamel, Mo., 420 S.W.2d 264, and State v. Stidham, Mo., 449 S.W.2d 634, 643. And accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.