**William J. HAMEL, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 35180.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 2, 1974.

Roland A. Wegmann, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

This is the second appeal afforded appellant in the courts of this state in his post-conviction effort to have his plea of guilty to a charge of robbery in the first degree, entered on the 13th day of May, 1931, and the life sentence imposed on said plea on the 22nd day of May, 1931, vacated and set aside. His prior unsuccessful effort is reported at 420 S.W.2d 264, Mo., and arose out of a motion pursuant to Rule 27.26 V.A.M.R., filed in the Circuit Court of Jefferson County on the 8th day of September, 1965. Thereafter, he filed a writ of habeas corpus in the United States District Court for the Western District of Missouri, Central Division, which was dismissed without prejudice by the chief judge of that court on the basis that the appellant had not exhausted available state post-conviction remedies with respect to his contentions that: "1) he was not informed of the nature of the charge against him at the time of his trial; 2) that his change of plea during the course of the trial was induced and involuntary" and whether he was entitled to counsel at the preliminary hearing.

Thereafter, on the 15th day of April, 1968, appellant filed a second motion pursuant to Rule 27.26 V.A.M.R., identical to that filed herein, and after an evidentiary hearing on the motion, but prior to a rul-

ing thereon, on the 20th day of September, 1968, he filed a motion requesting leave of court to withdraw his pending 27.26 V.A. M.R. motion. Appellant was thereafter on the 23rd day of September, 1968, permitted by the trial court to withdraw his motion by and with consent of his court-appointed counsel and said motion was dismissed. The reason why appellant withdrew the aforesaid motion was that, subsequent to the evidentiary hearing on the 9th and 16th days of September, 1968, he had been paroled. On February 8, 1972, appellant, again confined to the Missouri State Penitentiary, filed the current motion for post-conviction relief pursuant to Rule 27.26 V.A.M.R., asserting as grounds for said relief, as suggested by the judge of the United States District Court, three "substantial federal constitutional claims which have never been determined on the merits by the state courts." An evidentiary hearing was held on the present motion on the 18th and 20th days of September, 1972.

At the conclusion of the evidentiary hearing the cause was taken as submitted, briefs were filed with the court and thereafter on the 6th day of February, 1973, the court made its findings of fact and law in the case. The court found with reference to the defendant's alleged denial of his right to be informed that the appellant was charged by a complaint in the Justice of the Peace Court with robbery in the second degree and that it was on this charge that he was afforded a preliminary examination; that thereafter, an information was filed in the Circuit Court including allegations of prior convictions of felonies under the Habitual Criminal Act and also charging him with robbery in the first degree. That without counsel, he appeared for arraignment on May 11, 1931. That prior to the arraignment, the prosecuting attorney read to the appellant the information under which he stood charged. Appellant then waived a formal arraignment and entered a plea of not guilty.

The court appointed counsel for him and the cause was set for trial on May 13, 1931. That on the trial date appellant appeared with counsel, announced ready for trial and the jury was selected and sworn. That the trial proceeded with the calling of several witnesses, after which the appellant withdrew his former plea of not guilty and entered a plea of guilty to the crime charged in the information; that on May 23, 1931, allocution being granted, appellant was sentenced to imprisonment for life. The trial court further found that the movant, represented by able counsel at the trial, was not denied due process when considered in the light of his testimony at the evidentiary hearing. The court further found that the appellant's contention that his plea was induced and therefore involuntary, was not supported by credible evidence. The trial court further found that although appellant did not have the assistance of counsel at the preliminary hearing, nevertheless, he found no evidence of prejudice which would entitle appellant to have his motion sustained. The court further found that after a consideration of all the grounds upon which appellant based his motion that appellant was not denied due process of law.

On appeal it is contended that the findings of fact and of law made by the trial court are clearly erroneous because:

1. There were defects and inconsistencies in the complaint and the information which were violative of the accused's constitutional right to be informed which were not cured by the representation by counsel at the trial and the reading of the information to the accused at the pre-trial arraignment.

2. That the failure to provide counsel at the preliminary hearing, in the peculiar circumstances of this cause, were prejudicial to the federally protected constitutional rights to have aid and assistance of

counsel at every stage of a criminal prosecution.

3. That appellant's plea of guilty under the circumstances was not voluntarily entered.

4. That by reason of each of the aforementioned grounds for relief appellant was denied due process of law.

After sentence the court may set aside the judgment and permit the movant to withdraw his plea of guilty only if necessary to correct manifest injustice. Rule 27.25 V.A.M.R. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. Rule 27.26(i) V.A.M.R. Upon appeal our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j) V.A.M.R.

■ Appellant's first contention that he has been denied his right to be informed of the nature and the cause of the accusation guaranteed to him by Article II Section 22 of the Constitution of the State of Missouri, 1875, V.A.M.S., and the Sixth Amendment of the Constitution of the United States as made applicable to the several states by the Fourteenth Amendment to the United States Constitution is two-pronged. One is that there is a discrepancy between the complaint filed before the Justice of the Peace and on which the preliminary hearing was conducted and the information subsequently filed in the Circuit Court and to which he entered his guilty plea. The trial court after the evidentiary hearing found that the complaint

filed in the Justice of the Peace Court pleaded the offense of robbery in the second degree and the information filed in the Circuit Court pleaded robbery in the first degree; that, nevertheless, by waiving formal arraignment after the prosecuting attorney had read the information to him and entering a plea of not guilty, and thereafter appearing with court-appointed counsel on the date set for trial, announcing ready for trial, proceeding with the trial through the selection and swearing of the jury to try the case, sitting through the testimony of several witnesses, and then withdrawing his former plea of not guilty and entering a plea of guilty to the crime charged in the information, "he was not denied due process of law."

While we would reach a different conclusion with respect to the crime alleged in the complaint filed in the Justice of the Peace Court than did the trial judge here, for reasons hereinafter stated, we agree with him in his conclusion with respect to this sub-point raised by appellant. We conclude, as did the Supreme Court of this State in the earlier post-conviction appeal reported in 420 S.W.2d 264, 266 (Mo.1967), where this same argument was made: "There is no merit to this point. By announcing ready and proceeding to trial on the charge of first degree robbery and, after hearing at least a part of the state's evidence, by entering a plea of guilty to that charge, defendant waived any objection he might have had that he had not been afforded a preliminary examination on robbery in the first degree." This is the law in this state and has been for many years.

However, since the chief judge of the federal district court dismissed appellant's habeas corpus proceeding in that court without prejudice so that appellant could exhaust his state remedies, we shall proceed to dispose of that point also—appellant's contention that there existed a variance between the complaint in the preliminary hearing and the subsequent information which violated his constitutional right to be informed of the nature and cause of

the accusation. In the prior appeal the Supreme Court did not, as we read the case, actually make a determination whether the complaint pleaded robbery in the second degree because it never reached that point.

For a clearer understanding of this point it behooves us to set out the complaint filed before the Justice of the Peace and on which he proceeded to conduct the preliminary hearing.

"AFFIDAVIT FOR JUSTICE'S STATE WARRANT

STATE OF MISSOURI }
County of Jefferson } ss.

STATE OF MISSOURI,  Before H. W. Harris
    Plaintiff   Justice of the Peace within and for
 Against       Valle Township
WILLIAM HAMEL  Jefferson County, Missouri.
    Defendant.

S. M. McKay being duly sworn, upon oath, deposes and states that on the 30th day of March, A.D., 1931, at the Township of Valle in said County of the Jefferson in the State of Missouri, for defendant William Hamel to the best of affiant's knowledge and belief did then and there with specific criminal intent, fraudulently, burglariously, knowingly, maliciously, unlawfully, wrongfully, on purpose, deliberately, premeditatedly, feloniously and of malice aforethought,

Rob, take, steal and carry away from the person of one 'Mutt' Phares Two Hundred Fifty Dollars ($250.00) in legal money of the United States of America contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state. And affiant further says, that affiant is competent to testify as a witness in said case and cause, AND THAT AFFIANT HAS ACTUAL KNOWLEDGE OF THE COMMISSION OF SAID OFFENSE AS AFORESAID, TO-WIT, ACTUAL PERSONAL KNOWLEDGE THEREOF.

/S/ SAM McKAY

Subscribed and sworn to before me this 4th day of April, 1931
/s/ H. W. Harris
Style of Office Justice of Peace."

———◆———

A complaint in the Justice of the Peace Court was not measured by the same strict standards applicable to an information filed by the prosecuting attorney following a preliminary hearing. State v. Flannery, 263 Mo. 579, 173 S.W. 1053, 1055 [1] (1915). A complaint has been defined in City of Richland v. Null, 194 Mo.App. 176, 185 S.W. 250, 251 [2] (1916), as "A form of legal process which consists of a formal allegation or charge against a party, made or presented to the appropriate court or officer, as for a wrong done or crime committed; in the latter case generally under oath . . . In criminal practice, a charge, preferred before a magistrate hav-

ing jurisdiction, that a person named (or an unknown person) has committed a specific offense, with an offer to prove the fact, to the end that a prosecution may be instituted."[1] The purpose of a complaint was to initiate a preliminary hearing required by Sec. 5056 RSMo 1929 and the purpose of the preliminary hearing was "to obviate the possibility of groundless or vindictive prosecutions which the Legislature evidently deemed might otherwise occur where informations were filed and the deliberations of a grand jury dispensed with . . . The examination, therefore, was in no sense intended as a trial, in which the guilt or innocence of the accused was finally determined, but simply that the possibility of an abuse of power by the prosecutor might be prevented; and if the facts adduced satisfied the justice that an offense had been committed, and there was probable cause to believe the accused was guilty, his detention was authorized until an information or indictment be found." State v. Flannery, *supra,* 173 S.W. l.c. 1055.

■ Robbery in the first degree was at the time of the filing of this complaint (and for that matter, still is) the felonious taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some *immediate* injury to his person. Sec. 4058 RSMo 1929. Robbery in the second degree is the felonious taking the personal property of another, in his presence or from his person, which shall have been delivered or suffered to be taken through fear of some injury to his person or property *threatened to be inflicted at some different time,* which fear shall have been produced by the threats of the person so receiving or taking such property. Sec. 4059 RSMo 1929. An element which distinguishes robbery in the first degree from robbery in the second de-

gree is whether the fear is of immediate injury or of threatened injury to be inflicted at some different time. State v. Whitley, 327 Mo. 226, 36 S.W.2d 937, 939 (1931).

■ While the complaint in this case was not the epitome of artful draftsmanship, we conclude that viewed in the light of the office of a complaint it sufficiently informed the appellant as well as the Justice of the Peace that the crime inquired into was whether "Mutt" Phares was robbed and whether there was probable cause to conclude that appellant was the culprit. Whether, after hearing the evidence on the preliminary hearing, the Justice of the Peace determined that appellant should be bound over to face a charge of robbery in the first degree or robbery in the second degree would depend upon the evidence presented at the preliminary hearing. We hold that the appellant was not prejudiced by the alleged discrepancies in the complaint and the charge as ultimately pleaded in the information filed thereafter.

■ Appellant's second thrust under this point is that his constitutional right to be informed of the charge against him requires that the information specify the degree of the crime and the penalty provided upon conviction thereof. Both of these points have been ruled against him by the Courts of this state. An information in the statutory language has been held sufficient where it identifies the crime charged. If we excise some of the surplusage contained in the information we conclude that it charged that William Hamel, on the 30th day of March, 1931, in the County of Jefferson, State of Missouri, did unlawfully and feloniously make an assault upon one Walter Phares and did rob, steal and carry away with the intent to deprive Walter Phares of the use thereof the sum of $220.00 by force and violence to the said

---

1. In Jaben v. United States, 381 U.S. 214, 217, 85 S.Ct. 1365, 1367, 14 L.Ed.2d 345 (1965) a complaint under Rule 3 of the Federal Rules of Criminal Procedure was defined as: " . . . a written statement of the essen-

tial facts constituting the offense charged." made on oath before a commission or other officer empowered to commit persons charged with offenses against the United States.

Walter Phares, by striking and beating him and by flourishing a revolver or pistol. The information does contain some allegations relative to appellant also threatening and intimidating three other persons with the revolver or pistol, but there is no allegation that they too were robbed. We further conclude that this information, absent any attack thereon prior to trial, sufficiently alleged robbery in the first degree under Sec. 4058 RSMo 1929, State v. Cantrell, 290 Mo. 232, 234 S.W. 800 (1921); State v. Vigus, 66 S.W.2d 854 (Mo.1933).

It is not necessary that the information specify the penalty for the offense charged. State v. Ashworth, 346 Mo. 869, 143 S.W.2d 279, 283 [9] (1940).

We rule this first point against appellant.

■ Appellant's second point is that he was denied assistance of counsel at the preliminary hearing stage of the criminal process and he was, therefore, prejudiced and the trial court erred in denying him the relief sought. While the trial court found as a fact that defendant did not have counsel at the preliminary hearing it further found that he was not prejudiced by the failure of the Justice of the Peace to appoint counsel to assist him at that stage. Prior to Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) counsel at the preliminary hearing was not required in the courts of this state. Coleman v. Alabama, *supra,* has been held to be prospective in application only and not controlling in those preliminary hearings conducted prior to June 22, 1970. Adams v. Illinois, 405 U.S. 278, 285, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); State v. Terry, 485 S.W.2d 3, 4 (Mo.1972); Hendrix v. State, 495 S.W.2d 457, 459 [3, 4] (Mo. App.1973). We find that the trial court was not clearly erroneous in its finding that the absence of counsel at the preliminary hearing did not prejudice appellant's constitutional rights guaranteed under the Sixth Amendment to the United States Constitution.

■ Appellant's third point is that the trial court erred in finding that his plea of guilty was voluntarily entered with an understanding of the consequences. He argues that appellant was induced to enter his plea of guilty by offer of a sentence of twenty years in the penitentiary in return for his plea. Appellant was the only witness to testify concerning any offer of this nature. The trial court, as he had a right to do, did not believe this testimony. Shoemake v. State, 462 S.W.2d 772, 775 [4] (Mo. banc 1971); Skaggs v. State, 476 S.W.2d 524, 527 [3] (Mo.1972). A number of pages of appellant's argument in his brief filed in this court is devoted to persuade this court that the appellant had nothing to gain by entering a plea of guilty to a charge of robbery in the first degree, and that the allegations relative to the prior convictions made life imprisonment the only punishment available under Sec. 4461 RSMo 1929; that, therefore, his testimony of the offer of a twenty year sentence had to be accepted by the trial court to account for his willingness to plead guilty. The trial court, in its findings, found that the appellant was charged in the information in this case with the crime of robbery in the first degree, and that is the crime to which he pleaded guilty. The range of punishment upon conviction of robbery in the first degree is a minimum of five years imprisonment to a maximum of life imprisonment whether the Habitual Criminal Act allegations are made and proven. We have no evidence before us that these allegations were even gone into at the trial of the cause prior to the entry of appellant's plea. We have here another post-conviction proceeding wherein the only dramatis personae still alive and available to give testimony is the appellant; each of the others is dead. It is the appellant who had the burden of establishing the grounds for the relief sought by the preponderance of the evidence. Rule 27.26(f) V.A.M.R. The trial court could, and did, reject the evidence of the appellant in this respect even though there was no contrary evidence offered by the state

at the evidentiary hearing. Shoemake v. State, *supra*; Skaggs v. State, *supra*. The trial court also had the right to consider the lapse of time in determining the good faith and credibility of the appellant who was seeking the post-conviction relief. State v. Hamel, 420 S.W.2d 264, 267 [5] (Mo.1967). We find that the findings of the trial court in this respect were not clearly erroneous and therefore rule this point against appellant.

Appellant's fourth and final point, a catch-all, incorporates each of the points already disposed of and contends that the collective effect thereof constituted a deprivation of liberty without due process of law under the Constitutions of the United States and the State of Missouri, 1875. Any vitality this point might have had has been emasculated by our rulings on the prior points incorporated herein.

Having disposed of each of appellant's contentions adversely, we affirm.

DOWD, C. J., and SIMEONE, J., concur.