THE STATE v. E. F. MADDEN, Appellant.—24 S. W. (2d) 1003.

Division Two, February 19, 1930.

*Edwin Frieze* for appellant; *Neale, Newman & Turner* of counsel.

878

*Stratton Shartel,* Attorney-General, for respondent; *G. C. Weatherby* of counsel.

WHITE, J.—The record shows that in the Circuit Court of Dade County, Monday, March 11, 1929, the defendant was arraigned on a charge of transporting intoxicating liquor, and pleaded not guilty; that he had no attorney, and the court appointed Edwin Frieze to defend him, and the same day judgment was rendered reciting that a verdict was returned against defendant finding him guilty as charged in count one of the information, leaving the punishment to the court; that the court sentenced the defendant to imprisonment in the penitentiary for a term of three years; that the defendant thereupon filed his application for appeal to the Supreme Court, which appeal was allowed; that the court then ordered the Sheriff of Dade County to destroy all evidence in the cause in his possession. Then follows a transcript of the papers filed in the justice court and of the proceeding there which shows that October 24, 1928, the city marshall filed a complaint against the defendant, and that on that day a warrant was issued and returned executed, bringing the defendant before the justice, and that on that day information was filed before the justice; that the defendant, failing to give recognizance, was committed to jail, October 25th; October 30, 1928, he waived a hearing, failed to give bond of $1500, and was committed to jail to await the March term of the circuit court.

I. There appears in the files a verdict as follows:

"We the jury find the defendant Keet Madden guilty as charged in count one of the information and assess his punishment at.       We the jury leave the penalty to the Court.

"J. M. BRICKEY, Foreman."

It is claimed that this is the verdict actually rendered by the jury. There is no certificate that that is the actual verdict returned

by the jury. We must presume that the judge did his duty and recited in his judgment the actual verdict returned by the jury. This verdict finding Keet Madden guilty may have been some random paper that got into the files. We are unable to tell by the loose way in which the transcript is put together and presented here that it has anything to do with this case.

II. A bill of exceptions appears to have been filed in due form and time in the circuit court, but no motion for new trial appears in the bill of exceptions and the record fails to show that any such motion was filed. The Attorney-General on this record asks this court to affirm the judgment without consideration of the merits of the case, as shown by the evidence and the errors assigned in the bill of exceptions.

The record shows that the defendant did not file such motion because he did not have time to file it. The judgment recites as follows:

"The jury agrees and returns into open court the following verdict, to-wit: 'We the jury find the defendant, E. F. Madden guilty as charged in count one of the information and leave the punishment to the court.

'J. M. BRICKEY, Foreman.'

"It is therefore considered, adjudged, sentenced and ordered by the court, that the defendant, E. F. Madden, having been found guilty as aforesaid, be imprisoned in the State Penitentiary for a period of three (3) years."

It will be noticed that the judgment follows the copy of the verdict in direct sequence—no indication that any interval of time elapsed after the verdict was returned before sentence was pronounced. This is almost exactly the same form of judgment as that which appears in the case of State v. Taylor, 301 Mo. 1. c. 438, which we held showed on its face that it was pronounced without appreciable time after the return of the verdict. Other cases followed that ruling. [State v. Potter, 278 S. W. 1. c. 712.] Section 4079, Revised Statutes 1919, prescribes what a motion for new trial shall contain and that it shall be filed before judgment. If it is not filed we are unable to consider any errors which may be assigned in the bill of exceptions.

Section 4057 provides that when a defendant appears for judgment he must be informed by the court of the verdict and asked if he has any legal cause to show why the judgment should not be pronounced against him. The record in this case fails to show that this defendant was given such opportunity. If he had been he could have asked the court for time in which to prepare and file his motion for new trial. It was noted in the Taylor case (1. c.

437), that the record must affirmatively show allocution in order to satisfy the requirements of Section 4057. The requirements of that section are waived if the defendant files a motion for new trial.

In his brief the Attorney-General argues that the record does not show that defendant requested the court to withhold judgment until he could file motion for new trial. Section 4057 makes it the duty of the court to inform him of his right. The very purpose of that section is to give him opportunity to ask leave to file a motion for new trial. Doubtless the defendant was ignorant of court procedure and of his rights.

It is of course important that a defendant should not, on a technicality, be allowed to escape punishment for a crime of which he is found guilty. It is equally important that he should not be hurried to the penitentiary on a technicality which prevents this court from reviewing his case on its merits. He has the same right to have his case reviewed in this court as he has to have a fair trial in the circuit court. This he cannot have here because he was not given time to file his motion for new trial.

III. Another important defect appears in this record in that no information was in fact filed in the circuit court charging the defendant with any crime.

Section 3848, Revised Statutes 1919, provides that no prosecuting attorney shall file an information charging any person with a felony until such person shall first have been accorded the right of a preliminary examination. The defendant in this case waived his right to preliminary hearing on October 30, 1928. No information was filed after that time, nor at any time in the circuit court, charging the defendant with a crime. The prosecutor did file with the justice of the peace, October 24, 1928, what he called an information, so recited in the justice court transcript; but the papers filed with the clerk show it was sworn to October 30, 1928, with the indorsement that it is an "amended complaint" sworn to before the justice. It was in fact what the statute calls an affidavit. It could not be an information on which defendant could be tried, because filed when the prosecutor had no right to file one. It was an affidavit that might be made by the prosecutor or by any person having knowledge of the commission of a crime. Upon that affidavit it seems the warrant was issued and the defendant was arrested. The Attorney-General seems to contend that this alleged information was refiled in the circuit court, and could serve as an information upon which the defendant could properly be tried.

If it could be filed again in the circuit court as an original instrument although it had already been filed with the justice, there is nothing in the record to show that that was done. On the con-

trary, by the certificate of the clerk it appears to have been sent along with the warrant and other papers from the justice court. The clerk certifies first to the proceeding in the justice court as transcribed and sent to his office. Then he certifies to the proceedings in the circuit court. Then he certifies to the files in the justice court as sent to his office and filed there. There is nothing in the record of this case to show that an information as required by the statute, Section 3849, Revised Statutes 1919, was filed in the circuit court.

The judgment is reversed and the cause remanded. *Blair, P. J.,* concurs; *Walker, J.,* absent.