COMMONWEALTH *vs.* JAMES T. O'LEARY.

Suffolk.   April 6, 1964. — April 29, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Due process of law, Assistance of counsel.

No constitutional right of the defendant in criminal proceedings for misdemeanors and a felony was violated, nor were the proceedings invalidated, by the fact that at a probable cause hearing in a District Court upon complaint preceding indictments the defendant was not represented by counsel because he was indigent and no counsel was appointed by the District Court judge, where it appeared that the defendant suffered no harm whatever in that court or thereafter through being unrepresented by counsel in that court. [389]

Suggestion by this court as to the prudent course to be followed by a District Court judge respecting the appointment of counsel for indigent defendants in criminal cases. [389–390]

THREE INDICTMENTS found and returned in the Superior Court on November 6, 1963.

A question of law was reported by *Donahue, J.*

*Wilbur G. Hollingsworth* for the defendant.

*Jack I. Zalkind,* Assistant District Attorney (*James W. Bailey,* Assistant Attorney General, with him), for the Commonwealth.

WILKINS, C.J.    Three indictments were returned against the defendant:  (1) Operating an improperly registered automobile, maximum penalty a fine of not more than $25. G. L. c. 90, § 9 (as amended through St. 1961, c. 73, § 2), § 20 (as amended through St. 1956, c. 389, § 3).    (2) Operating an uninsured automobile, maximum penalty imprisonment for not more than one year.  G. L. c. 90, § 34J (as amended through St. 1959, c. 282, § 5).    (3) Operating an automobile without authority during suspension of right, maximum penalty imprisonment in State prison for not more than ten years.    G. L. c. 266, § 28 (as amended through St. 1959, c. 160, § 2).

In the Superior Court the defendant filed pleas in abatement in which the allegations of fact were that on October 25, 1963, the defendant was complained of in the Chelsea District Court; and that after a probable cause hearing on the same date, when he was indigent and financially unable to retain counsel, he was bound over to the grand jury.    The pleas contained a prayer that the prosecution be abated and that the defendant be discharged "on the ground that at vital stages of the proceedings counsel was not provided for him."

The judge in the Superior Court found the facts, as alleged, to be true and reported the question whether upon the facts so found the pleas in abatement should be sustained. G. L. c. 278, § 30A.    The docket of the Superior Court shows that the defendant stood mute, that the judge directed the entry of pleas of not guilty, and that the defendant recognized personally in the sum of $1,000.

The first two crimes are misdemeanors.    The third is a felony.    G. L. (Ter. Ed.) c. 274, § 1.    In view of the inter-

relation of the three, we shall treat them together, and not separately according to their seriousness as offences.

As matters transpired, the defendant was no worse off in the District Court than if he had had counsel. There is no intimation that counsel would have done something that the defendant did not do or that he would have refrained from doing something which the defendant did do. The course the defendant pursued was intelligent and one which might be reasonably expected even where a defendant was represented by counsel. He did not plead guilty and so was not prejudiced in any of the respects his brief outlines as would have befallen in that event. He was not held upon oppressive bail, as his brief suggests might have been possible. Nothing was waived. The defendant was not barred from raising any defence whatsoever. An unimpaired opportunity still remains to move to suppress evidence should there be any need to do so, a fact as to which we are uninformed. In short, no right of the slightest value has been lost.

The questions are (1) whether out of the defendant's indigence there arose a constitutional right to counsel in a proceeding in the District Court which does not appear to have been otherwise than formal and routine, and (2) whether omission to furnish such counsel invalidated that proceeding and all subsequent proceedings even though upon the ensuing course of events there could have been no harm. This ground of invalidation has never been the law of this Commonwealth, and we have yet to see a case in the Supreme Court of the United States which holds that it now should be. We find nothing in the cases upon which the defendant relies requiring any such result. See *Powell* v. *Alabama,* 287 U. S. 45; *Hamilton* v. *Alabama,* 368 U. S. 52; *Gideon* v. *Wainwright,* 372 U. S. 335; and *White* v. *Maryland,* 373 U. S. 59.

In view of the possible implication in those decisions and of others to follow, the prudent course for a District Court judge is to appoint counsel for an indigent defendant in every case where there is to be a probable cause hearing

unless the defendant declines the assistance of counsel, in which event preservation of proof of that fact should be made. See Rule 10 of the General Rules, as amended on December 21, 1962 (345 Mass. 792). Even where a District Court holds a trial of a case within its jurisdiction, it would be wise to offer to appoint counsel except for the most trifling of offences for which no sentence of imprisonment may be imposed.

As counsel concedes, the defendant could now be reindicted and the constitutional arguments avoided. Whether this should be done or the cases should be prosecuted is not our choice to make.

In accordance with the terms of the report, the pleas in abatement are to be overruled.

*So ordered.*