**STATE of Missouri, Respondent,**

v.

**Virgil Lewis TURLEY, Appellant.**

**No. 53136.**

Supreme Court of Missouri,

En Banc.

March 10, 1969.

Rehearing Denied April 14, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Albert J. Stephan, Jr., Special Asst. Atty. Gen., St. Louis, for respondent.

Thomas P. Rose, Jefferson City, for appellant.

HENLEY, Presiding Judge.

By an information alleging one prior felony conviction, defendant was charged with escape from the Missouri State Penitentiary. Sections 556.280 and 557.351.[1] The court found that defendant had been convicted previously of a felony, sentenced and imprisoned therefor; a jury found him guilty as charged. The court assessed defendant's punishment at imprisonment for three years in custody of the Department of Corrections and, after defendant's motion for judgment of acquittal or, in the alternative, for a new trial was overruled, sentenced him in accordance with the verdict and the punishment assessed. Defendant appeals.

He briefs three points on which he relies for reversal: (1) that the court erred in overruling his motion for judgment of acquittal based on the ground that the evidence is not sufficient to sustain his conviction; (2) that the court erred in overruling his motion to dismiss the information based on the ground that the magistrate, knowing defendant to be an indigent person, refused his request that counsel be appointed to represent him at his preliminary hearing; and, (3) that the court erred in overruling his second motion to dismiss the information based on the ground that the information was of no force and effect and the court was without jurisdiction of the case, because the information was not brought to trial within one hundred eighty days after defendant's request, as required by § 222.100.

Counsel was appointed for defendant in the circuit court on February 23, 1966. Counsel thereafter represented defendant throughout the proceedings in that court and on appeal to this court and has been loyal and diligent in his efforts in defendant's behalf.

The evidence introduced by the state is brief and is as follows: On August 21, 1965, defendant was a prisoner lawfully confined in the custody of the State Department of Corrections in the penitentiary at Jefferson City, Missouri, pursuant to a judgment of the circuit court of Jasper county on June 14, 1965, sentencing him to imprisonment for a term of seven years. His full-time release date is May 29, 1972; his three-fourths-time release date is August 29, 1970. Shortly after 5 o'clock, A. M., on August 21, 1965, he disappeared from the penitentiary while assigned to work in the prison dining hall. Defendant was apprehended in St. Louis by the police of that city and returned to the penitentiary on October 18, 1965. The state fur-

---

1. All statutory references are to RSMo 1959 and V.A.M.S.

ther presented evidence that defendant had not been granted probation or parole and that his sentence had not been commuted by executive order at any time subsequent to his sentence. Defendant offered no evidence.

■ The evidence is circumstantial, as defendant says. He contends that this circumstantial evidence is insufficient, because not inconsistent with his innocence and does not point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence. He cites two cases [2] applying this well-known rule to determine the sufficiency of circumstantial evidence, but neither is applicable to the facts in this case. Defendant argues that the evidence is not inconsistent with his innocence, because " * * * appellant may have been in St. Louis * * * under a Writ of Habeas Corpus Ad Testificandum at the time he was apprehended * *; " that the state should have by its evidence negated this possibility as an excuse for his absence from the penitentiary between August 21 and October 18, 1965.

■ The state was not required to anticipate and negate as a part of its case every conceivable theory of excuse for defendant's absence from the penitentiary. There is no merit in defendant's contention. The evidence was sufficient to submit the case to the jury and the court did not err in overruling defendant's motion for judgment of acquittal. State v. Slicker, Mo., 342 S.W.2d 946, 948 [4]; State v. Baker, 355 Mo. 1048, 199 S.W.2d 393, 396 [9].

The transcript on appeal does not contain the proceedings in Magistrate court but it does contain defendant's motion to dismiss the information on the ground that he requested and was denied appointment of counsel to represent him at the preliminary hearing. At a hearing on this motion counsel agreed that defendant requested of the Magistrate that counsel be appointed to represent him at his preliminary examination, and that the request was refused.

Defendant contends that the Magistrate's refusal to appoint counsel deprived him of a full and fair preliminary hearing; that he was thereby deprived of rights guaranteed by Rule 23.03, V.A.M.R., § 544.350, RSMo 1959, §§ 10 and 18(a) of Article I, Constitution of Missouri, V.A.M.S., and the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States.

There is nothing in the record before us to show that defendant was in fact denied a full and fair preliminary hearing by the absence of counsel, or that he was otherwise prejudiced or deprived of constitutional rights by the Magistrate's refusal to appoint counsel.

■ Counsel for defendant recognizes that this court has consistently held that the lack of counsel at a preliminary hearing does not deprive an accused of constitutional rights, absent some prejudice to the accused at that hearing, but he insists that the court should reconsider its decisions on this point. This question was considered by the court as late as June 10, 1968, and we adhered to our previous decisions on the point. See State v. Peck, Mo., 429 S.W.2d 247, adopted June 10, 1968; State v. Turley, Mo., 416 S.W.2d 75, 76 [3], and cases therein cited. We continue to adhere to those decisions.

The court did not err in overruling defendant's first motion to dismiss the information.

In the third and last point on appeal defendant asserts that the court erred in overruling his second motion to dismiss the information. In that motion he sought to invoke the provisions of the "Uniform Mandatory Disposition of Detainers Law," §§ 222.080–222.150.

The motion alleges that on January 20, 1966, defendant, pro se, wrote a letter ad-

---

**2.** State v. Stoner, Mo., 395 S.W.2d 192, 196 [4]; State v. Murphy, 356 Mo. 110, 201 S.W. 2d 280, 282 [4].

dressed to the Clerk for Magistrate and Circuit courts of Cole county, with a copy to the Cole county prosecuting attorney, requesting "* * * immediate disposition of charges pending against me in Magistrate and Circuit Courts of Cole County, Missouri as required by law. Said charge being escape from 'lawful confinement' at the Missouri State Prison * * *"; that he was not brought to trial on the information pending against him within one hundred eighty days after filing of the information in the trial court; that the parties did not stipulate for any continuances and that the court did not, for good cause shown in open court, grant additional time beyond one hundred eighty days within which to bring the information to trial; that no continuance was granted on notice to defense counsel with an opportunity for counsel to be heard; that for those reasons the court is without jurisdiction of the case, the information has no force and effect, and should, therefore, be dismissed.

It was agreed that defendant's letter was received January 21, 1966, by the Magistrate court and that it is now in the Circuit court file; also, that a copy of the letter was received by the Prosecuting Attorney.

The record shows that a complaint charging defendant with escape from the penitentiary was filed in Magistrate court on October 22, 1965; preliminary hearing was held February 9, 1966; information was filed in Circuit court February 23, 1966; on March 21, by agreement of counsel, the case was set for trial on April 21, 1966, but at the request of defense counsel that setting was cancelled; thereafter on motion of defendant, pro se, the Judge of the circuit was disqualified and on April 19, Judge Samuel E. Semple was transferred to hear the case; on June 30, defendant appeared with counsel before Judge Semple, was arraigned, pleaded not guilty, and the case was set for trial for September 23, 1966; the case was not tried on the latter date, because of a death in the trial judge's family; the next date Judge Semple had available for a trial of

this case was February 16, 1967, and on November 21, 1966, the following docket entry was made by the Clerk, pursuant to the Judge's order: "Continued for want of time to try for the September and December terms of Court. Set for trial on February 16, 1967." The case was tried on the latter date.

Subsection 1 of § 222.080 provides: "Any person imprisoned in a correctional institution of this state may request a final disposition of any untried indictment or information pending in this state against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment or information is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment."

Section 222.090 provides: "The request shall be delivered to the director of corrections, who shall forthwith:

"(1) Certify the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state board of parole and probation relating to the prisoner; and

"(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed."

Section 222.100, upon which defendant relied for dismissal of the information, provides:

"Within one hundred and eighty days after the receipt of the request and certificate by the court and prosecuting attorney or within such additional necessary or reasonable time as the court for good cause shown in open court, the prisoner or his counsel being present, may grant, the indictment or information shall be brought to trial; provided, that the parties may stipulate for a continuance or that it may be granted on notice to the attorney of record

of an opportunity for him to be heard. If, after such request, it is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect; and the court shall issue an order dismissing the same with prejudice."

■ The Uniform Mandatory Disposition of Detainers Law, enacted by the General Assembly in 1959 (Laws of 1959; House Bill 259),[3] has not been heretofore construed by the courts of this state. We have the view that in adopting the Uniform Law suggested by the National Conference of Commissioners on Uniform State Laws, with the modifications and changes described in footnote 3, the General Assembly intended deliberately to provide a procedure for release of detainers available to those persons against whom there is pending a prosecution commenced by information filed by a prosecuting attorney or those commenced by indictment; not to those against whom criminal proceedings have been commenced in Magistrate court by complaint. Our constitution,[4] statutes,[5] Rules,[6] and the decisions of this court[7] make a distinction between prosecutions commenced by indictment or information and criminal proceedings commenced by

complaint authorizing only the issuance of a warrant. In enacting §§ 222.080–222.150, the General Assembly must be charged with knowledge of this distinction and an intent to refer to and signify the same distinction.

The courts of other states, in construing laws (enacted before the Uniform Laws) requiring the discharge of an accused on the denial of a speedy trial, have held that statutes referring to indictments or informations are inapplicable to criminal proceedings commenced by and pending on a complaint. See: State v. Schnell, 107 Mont. 579, 88 P.2d 19, 21 [3], 121 A.L.R. 1082; People v. Godlewski, 22 Cal.2d 677, 140 P.2d 381, 385 [10]. See also: 22A C.J.S. Criminal Law § 468 a, p. 32.

No indictment or information was pending against defendant when his request for "immediate disposition of charges" was lodged in the Magistrate court on January 21, 1966.[8] No such request was addressed by defendant to a court having jurisdiction of indictments or informations after the information was filed.

■ We hold that our Uniform Mandatory Disposition of Detainers Law provides a procedure for the disposition of untried indictments and informations only; not to complaints pending in Magistrate courts.

---

3. The latest pocket part supplement (at page 36) to Volume 9B, Uniform Laws Annotated, shows that two other states, Kansas (in 1959—§§ 62.2901 to 62.2908, K.S.A.) and Minnesota (in 1967—§ 629.-292, M.S.A.) have adopted "Uniform Acts" on the subject of "Detainers" in substantially the same language as that suggested by the National Conference of Commissioners on Uniform State Laws. See 9B Uniform Laws Annotated 365. The suggested uniform law would apply to requests for disposition of any untried indictment, information or complaint. The Kansas statute uses the words of the suggested uniform law, referring to indictments, informations or complaints; whereas, the Minnesota and Missouri statutes refer to indictments or informations only. Also, the National Conference uniform law suggests that the period within which the charge shall be brought to trial be ninety days. The three states adopting the law have doubled that time period,

Minnesota providing for six months and Kansas and Missouri one hundred eighty days.

4. Constitution of Missouri, Article I, § 17.

5. Sections 545.010 and 544.020, RSMo 1959, V.A.M.S.

6. Rules 21.01 and 21.08, Rules of Criminal Procedure, V.A.M.R.

7. State v. McQueen (Mo.1955), 282 S.W. 2d 539, 541 [4]; State v. Madden, 324 Mo. 877, 24 S.W.2d 1003, 1004 [5]. See also: City of Richland v. Null, 194 Mo. App. 176, 185 S.W. 250, 251 [2].

8. We note, parenthetically, that if §§ 222.-080 and 222.100 could be said to apply to proceedings commenced by complaint in Magistrate court, and we hold herein they may not, those proceedings were disposed of on February 9, 1966, within nineteen days after defendant's request.

Furthermore, no request complying with the Uniform Law was addressed (presented) by defendant to any court. To comply with the Law defendant was required by § 222.090 to deliver his request to the Director of Corrections so that officer could certify to certain information and send the request and that information to the proper court and prosecuting official. So far as the record shows defendant did not even attempt compliance with this requirement. In Brimer v. State, 195 Kan. 107, 402 P.2d 789 [2], the Supreme Court of Kansas, referring to that State's Uniform Mandatory Disposition of Detainers Act, said, at l. c. 793: "* * * the right to invoke that statute requires compliance by the prisoner with all its provisions including the preparation by him and the mailing by the warden of his notice for request of disposition of detainer to the court in which the untried indictment, information or complaint is then pending against him."

For the reasons stated, the trial court did not err in overruling defendant's second motion to dismiss.

Our review of other matters required by Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

## PER CURIAM.

The foregoing opinion by HENLEY, P. J., written in Division One, is adopted as the opinion of the Court en Banc. The judgment is affirmed. All concur except Seiler, J., who concurs in result in separate opinion filed.

## SEILER, Judge (concurring in result).

As best I can determine this seems to be the first case before this court where the claim of error in refusing to appoint counsel for an indigent defendant at a preliminary hearing, is based on the proposition that under our Rule 23.03 and the statute, § 544.350, RSMo 1959, counsel at a preliminary hearing could not and would not be denied an accused who could afford to employ counsel, but is denied an accused who is without funds to hire a lawyer, which defendant contends is a denial of equal protection and an unfair discrimination based solely on lack of funds to employ counsel.

Rule 23.03 states:

"The magistrate before whom an accused is brought shall advise * * * him and, if requested, shall read to him the complaint. *The accused shall be allowed a reasonable time to advise with his counsel and shall be permitted to send for counsel if he so desires.* * * *" (Emphasis added).

Sec. 544.350, supra, states:

"The magistrate shall strictly inform the prisoner of the charge made against him, and read to him the complaint, if requested to do so, *and he shall allow the prisoner reasonable time to advise with his counsel, and, for that purpose, to send for counsel, if he require it*". (Emphasis added).

By § 544.350 and Rule 23.03, the legislature and the court have concluded that a preliminary hearing is of sufficient importance and gravity that the magistrate is required to permit the accused to have counsel if the accused so desires. But as it works out in practice, only the accused who can afford to hire counsel, gets counsel. The accused who cannot afford to hire a lawyer does not get one, no matter how much he may desire one. This is not equal justice for all. It is as if the words "if, but only if, the accused or prisoner can employ counsel" were added to the rule and the statute. If this is not an unfair discrimination based on difference in ability to pay, it is hard to see what could be.

The state argues that counsel at a preliminary should be considered as a luxury which, like any other luxury, is available to those who can pay for it. The state compares the situation to expert witnesses, paid investigators, bail, having a new suit of clothes in which to present the best pos-

sible appearance at trial—all these "the cost of which any criminal defendant—indigent or not —must bear, or do without * * *" This is the argument that if the state does not have to provide equality in all areas, it ought not to have to provide it in any. Granted we cannot provide equality in all areas, this does not mean we are not required to provide equality in those areas which are of basic, bedrock importance and access to counsel is one of these. If we do not consider counsel important at the preliminary, why do we go to so much trouble to insure that the court cannot deny counsel to those who can employ counsel? It is no more important to the man who can hire a lawyer to have one at the preliminary than it is to the man who cannot, and we insure that the former has counsel. What would be the attitude of counsel for a defendant with means to retain counsel if he were told he could not represent his client at the preliminary? Would he feel that his client was merely being deprived of a luxury? Suppose any of us had a member of our family who is an accused and who has to face a preliminary hearing. Would we feel that it was merely a matter of a luxury for this person to be represented by counsel at the preliminary? We know from our experience as former trial judges, prosecuting attorneys and defense counsel how valuable an opportunty the preliminary hearing is for the defense and how much can be done for the defendant at the preliminary by counsel. This is particularly true when identification of the defendant is the key issue,[1] when there is bias or prejudice on the part of the complaining witness against the defendant, when a witness makes less than a full disclosure if not cross-examined, when there is a question as to the legality of a search and seizure, and where there is a question as to the sufficiency of the evidence.

The majority opinion states there is nothing in the record to show defendant was prejudiced by lack of counsel, but I respectfully submit that here, as in Hamilton v. Alabama, 368 U.S. 52, 55, 82 S.Ct. 157, 159, 7 L.Ed.2d 114 " * * * the degree of prejudice can never be known. * * *" Only the presence of counsel at the preliminary could have enabled defendant to act in his own best interest at that time; what could have been done will never be known. If the best player on the team misses the game, there is no need to "stop to determine whether prejudice resulted."

We know, too, that where an accused is financially able to do so, counsel is invariably retained for the preliminary. As the United States Supreme Court said in Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799, about the significance of the fact that lawyers are used in criminal cases by those who can afford them, " * * * That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the widespread belief that lawyers in criminal courts are necessities, not luxuries. * * *"

We also know that the preliminary hearing is, in practice, an adversary judicial proceeding, required before the prosecutor can proceed by information and which the state must win in order to authorize continued constraint of the accused. Without counsel, the indigent accused has no one to turn to other than the judge. " * * * But how can a judge, whose functions are purely judicial, effectively discharge the obligations of counsel for the accused? * * * He cannot investigate the facts, advise and direct the defense, or participate in those necessary conferences between counsel and accused which sometimes partake of the inviolable character of the con-

---

1. In a recent case, State v. Hill, Mo., 438 S.W.2d 244, decided January 13, 1969, where two defendants were charged with first degree robbery, the one with counsel was discharged at the preliminary, while the indigent one without counsel was bound over, despite the fact that the prosecuting witness, a 16-year old boy, had originally described the hold-up man to the police as being 4 feet 9 inches in height. The defendant was in fact 5 feet 10 to 11 inches tall. There was no cross-examination on his behalf at the preliminary.

fessional." Powell v. Alabama, 287 U.S. 45, 61, 53 S.Ct. 55, 61, 77 L.Ed. 158.

A preliminary hearing is not required where the prosecution is by indictment. However, where there is an indictment we treat both the accused who can afford counsel and the accused who cannot alike—neither is entitled to be represented by counsel before the grand jury. But not so as to prosecution by information; here the accused who can employ counsel has an advantage.

If we are to continue with Rule 23.03, making it mandatory that the magistrate allow the accused reasonable time to advise with his counsel and to send for counsel if he desires, it seems to me that we must apply the rule in an even-handed way and see to it the indigent has the benefit of this rule, too, by requiring the magistrate to appoint counsel in such instances. " * * * [O]nce having granted an accused the opportunity to have the validity of his detention to answer criminal charges determined by an independent judicial officer, this opportunity must be given on an equal basis. Even if it is possible to have a 'fair' hearing on this question without allowing the accused the assistance of counsel, once the state has allowed this assistance, it ought not be able to deny this assistance on account of poverty." Hunvald, Right to Counsel, 31 Mo.L.Rev. 109, 123–24. The Wisconsin Supreme Court in 1965 decided that henceforth an indigent was entitled to appointed counsel at the preliminary

hearing, one ground for the decision being that " * * * because an accused has a statutory right to retained counsel at a preliminary hearing, an accused who is indigent is entitled to appointed counsel under the equal-protection clause of the 14th Amendment." Sparkman v. State, 27 Wis. 2d 92, 133 N.W.2d 776, 781.[2] If we do not so apply Rule 23.03 in the future, we should repeal it and make no provision for counsel whatever at the preliminary, either for those who can or who cannot pay for a lawyer.

If the writer is correct in concluding that the magistrate should have appointed counsel for defendant at the preliminary, the next question is what relief is appropriate, now that defendant has been tried and convicted. The damage has already been done. Granting him a new preliminary with counsel would accomplish nothing at this point, nor would the granting of a new trial. As the main opinion points out, the evidence is sufficient to sustain the conviction, and it does not seem defendant is entitled to have the slate wiped clean by an outright reversal.

I therefore concur in the result, but believe we should amend Rule 23.03, if necessary, or apply it as now written, to require appointment of counsel for the indigent at the preliminary, if counsel is requested, and would make available enforcement or relief by prohibition or mandamus as of the time of the preliminary if counsel is not appointed.

---

2. The trend is toward providing counsel for indigents at the preliminary. In 1966 the Federal Rules of Criminal Procedure were amended to provide for assigned counsel for indigents at the preliminary hearing. Massachusetts, in Commonwealth v. O'Leary, 347 Mass. 387, 198 N.E.2d 403, 405 (1964) admonished its magistrates to appoint counsel for an indigent defendant in all probable cause hearings, unless defendant refuses assistance of counsel. Twelve other states offer counsel at or before the preliminary hearing, Silverstein, Defense of the Poor, Table 23, p. 75. A committee headed by the late J. Gordon Siddens, of the Kansas City Bar, and appointed by this court,

recommended in a report made in 1965: " * * * [C]ounsel should be appointed in felony cases in time to function at the preliminary examination * * * " * * * "The Committee does not feel that the Bar will be severely burdened by a requirement of counsel for preliminary hearing. The preliminary can serve as a valuable means of discovery in an area in which discovery is generally restricted. Most of the work required of counsel in connection with a preliminary hearing will have to be done at some stage of the proceedings anyway * * * " Report of the Committee on the Defense of the Indigent Accused, pp. 6–8.