George **MONTGOMERY**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54472.

Supreme Court of Missouri,
Division No. 2.

May 11, 1970.

Motion for Rehearing or for Transfer to Court En Banc Denied June 8, 1970.

Moore & Brill, Newton C. Brill, West Plains, for appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

This is an appeal from the action of the trial court in overruling movant's motion under Supreme Court Rule 27.26, V.A.M. R., to vacate a judgment and sentence wherein he was sentenced to imprisonment for twenty-five years for robbery in the first degree. This case comes to the writer on recent reassignment. We reverse and remand.

Movant, sometimes referred to as defendant, originally was charged with murder in the first degree. The information alleged that he killed one Wilfred Gerald Brown while in the perpetration of robbery of Brown, thus constituting a charge under the felony-murder doctrine, § 559.010 (all statutory references are to RSMo 1959, V. A.M.S.). Trial commenced on September 13, 1965, in the Circuit Court of Carter County. After the state concluded its case and a recess was taken, the judge, evidently pursuant to some indication received, inquired of defendant and his counsel whether it was true that defendant desired to change his plea from not guilty to guilty. Upon receipt of an affirmative answer, the court so informed the jury and then proceeded to ask the prosecuting attorney for the state's recommendation as to punishment. This was given and then followed remarks by the court directed to the defendant, including a discussion of his reason for being agreeable to a recommended sentence for twenty-five years. This then occurred:

MR. STEELMAN: If the Court please, we understand, of course, this is to first-degree robbery, a plea to first-degree robbery.

"THE COURT: Mr. Greene, what do you say to that?

"MR. GREENE: If the Court requires it, I will file—

"MR. STEELMAN: I am sorry for the misunderstanding. We have had a conference about this. It was my understanding

it was first degree robbery. Isn't that correct, Mr. Greene?

"MR. GREENE: I am at sea. I am utterly at sea.

"THE COURT: I can tell you something: first degree robbery, in the Court's opinion, would better fit the facts than murder.

"MR. GREENE: I could file an amended petition.

"THE COURT: I ask that that be done. I ask that that be done.

"MR. GREENE: I could do that by striking in this information.

"THE COURT: This Court wants an information filed charging the offense of robbery in the first degree in every term that is necessary. I'd rather this information wouldn't be touched. I'd like for that to be done.

"I have said about all that I have to say. As I said at the outset, it doesn't afford me any pleasure to sentence you or any other young man. Son, I want to say these last few words to you: if you go to the Missouri State Penitentiary, or wherever the Department of Corrections sees fit to send you, make a good prisoner and you will work yourself out in a few years.

"If you go there and listen to these self-made lawyers, who themselves have violated the laws of the land, and fail to follow the rules of our prison officials, you can be in there for the twenty-five years.

"You have my sympathy. I think you have the sympathy of any other person who has mercy in their heart, any compassion. You committed a very heinous crime. Because of your youth, you probably brought this all on yourself. If I thought that you, in company with others, went down there and, as I stated, maliciously killed a man, I couldn't go along with this. There is grave doubt in the Court's mind that you did that. Will you stand up, please?

"Do you at this time, Mr. George Montgomery, have any legal reason to give why the Court should not at this time pass sentence upon you?

"THE DEFENDANT: No, sir.

"THE COURT: It is the sentence and judgment of this Court that you be sentenced to twenty-five years with the Department of Corrections at Jefferson City, Missouri, for the crime of robbery in the first degree, there to serve at hard labor, unless sooner discharged by due order of law.

"I want that information filed, Mr. Greene, immediately, while Mr. Steelman and I are both here.

"MR. GREENE: If the Court please, I don't know that I have got the forms and equipment with which to do it.

"THE COURT: I can dictate it to you in five minutes, and I am sure there is a typewriter here in the Carter County Courthouse.

"I think you should draw an amended information charging this young man with first degree robbery while he is here and his attorney is here and while I am here and file it. I demand of you as an officer of my court to do so. I will give you the time.

"You can be seated, young man."

Subsequently, on that same date, after the above had occurred, the prosecuting attorney filed a new information charging defendant with robbery in the first degree. No plea was entered thereto and no sentencing occurred after the new information was filed.

On June 1, 1968, defendant filed his motion to vacate judgment and sentence under Rule 27.26. Included in the grounds for relief alleged therein were the following:

"(a) There was no Information on file for 1st degree Robbery at the time

a purported plea of guilty to 1st Degree Robbery was entered.

"(b) There was never a plea of guilty to 1st Degree Robbery or to any crime after the information for 1st degree robbery was filed."

■ This court on several occasions has held that an information actually on file charging defendant with the offense to which he pleads is jurisdictional. State v. Barrett, Mo., 44 S.W.2d 76; State v. Hampton, Mo., 172 S.W.2d 1; State v. Madden, 324 Mo. 877, 24 S.W.2d 1003. Obviously, a nonexistent charge cannot be read to a defendant, nor can its reading be waived. Until it is on file, there is nothing to which the defendant can plead. A judgment entered without such an information being on file is void.

■ At the time defendant entered his plea of guilty to robbery in the first degree and was sentenced therefor, the information on file charged him with first degree murder under the felony-murder doctrine. A new information charging him with first degree robbery had not then been filed. The state so concedes. Hence, the determinative question presented is whether that first degree murder information constituted also a charge of first degree robbery. If not, the plea of guilty to first degree robbery was entered to an offense of which defendant was not then charged, and the sentence thereon for robbery in the first degree was a nullity and cannot stand.

It is the state's position that the original information charging murder in the first degree also charged first degree robbery as a lesser included offense. Its position is stated thus: "Logically, first degree robbery is not necessarily a lesser included offense under the felony-murder rule. Nor was it necessary, in order to prosecute under that theory, that the information set forth the particular felony involved. Indeed, the usual form first degree murder information, i. e., a willful, deliberate and premeditated killing, is not only sufficient but the usual practice—the proof of deliberation, etc., accomplished by the proof of the felony. See State v. Smith, 310 S.W.2d 845, 848 (Mo.1958), cert. den. 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231; State v. Sykes, 436 S.W.2d 32, 34–35 (Mo.1969).

"However, the information filed against appellant on May 10, 1965, did charge the requisite acts necessary to the felony of first degree robbery."

■ We do not agree. First degree robbery is not a lesser included offense of first degree murder, such as second degree murder and manslaughter would be. The state recognizes that logically this is true but seeks to avoid this logic merely on the basis that the information included the allegation that the homicide was committed during perpetration of a robbery. The fact is that this was not for the purpose of charging robbery in the first degree under § 560.120. The information did not allege that defendant took property from the person of the victim, nor did it allege that particular property was taken. It simply alleged that the killing occurred while defendant was in the perpetration of the act of robbery. This is comparable to the allegation in State v. Sykes, supra. Clearly, the recital as to robbery was included solely for the purpose of charging the defendant under the felony-murder doctrine (§ 559.010). The state so recognized when it went to trial seeking a conviction of first degree murder on the theory of the felony-murder rule. When the defendant sought to enter a plea of guilty to a charge of first-degree robbery, the court recognized that a new information would be necessary and directed the prosecuting attorney to prepare and file such an information. Unfortunately, that was not done before acceptance of defendant's plea and before he was sentenced.

■ Accordingly, we are compelled to the conclusion that when the court accepted a plea of guilty to a charge of first degree robbery and sentenced defendant thereon, no charge of first degree robbery

was pending against the defendant and therefore the court had no jurisdiction of such a charge and could not accept the plea of guilty or sentence defendant thereon. Such lack of jurisdiction of the subject matter may not be waived. The trial court should have required that a new information charging first degree robbery be filed and a proper record made with reference thereto before a plea of guilty to such charge was accepted. Accordingly, the judgment and sentence for robbery in the first degree entered on September 13, 1965, must be vacated.

A new information charging first degree robbery was filed after the defendant had been sentenced, but defendant has not been arraigned thereon and no disposition as to that charge has been made.

Reversed and remanded for further proceedings in accordance with this opinion.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alt. J., concur.