**STATE of Missouri, Respondent,**

v.

**Willie MINOR, Jr., Appellant.**

**No. KCD 28404.**

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

William G. Mays, II, Public Defender, Columbia, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of conviction and sentence to four years' imprisonment on jury verdict finding Willie Minor, Jr., guilty

of escape by failing to return to a facility of the Department of Corrections after having been permitted to go at large (§ 557.351, RSMo 1975 Supp.).

In 1973, appellant was convicted of robbery in the first degree in the St. Louis Circuit Court and sentenced to six years' imprisonment. He was imprisoned in the Department of Corrections facility. On March 15, 1974, he was transferred to the Renz Farm facility of the Department. He requested leave from that institution in order to visit his mother who was ill in St. Louis. The request was eventually approved and Minor was granted a furlough to begin November 1, 1974 at 10:00 A.M. and to end at 2:00 P.M., November 4, 1974. Before he left the farm, Minor was told by the superintendent "to be sure and return willingly * * * don't make us look bad, please return on time."

Minor went to St. Louis and saw his mother who was hospitalized for a cancer operation. He visited her several times. When he visited her on the morning of November 4, he told her that he was planning to go back. Because his mother was "so sick she was about ready to give up hope on living anymore," Minor telephoned the Department of Corrections and requested an extension of his leave. He was told by the person who answered his call that only the Renz Farm Superintendent could grant him an extension. He returned to the hospital and told his mother that he could not get an extension. She requested him to return, but he said he wasn't going back.

He remained in St. Louis and saw his mother from time to time. She got in touch with the Renz Superintendent and he came to St. Louis during the week of November 4 expecting that Minor would surrender. He went to Mrs. Minor's residence and was given an address where Minor could be located. He went there but was informed that Minor had left 20 minutes earlier.

On February 1, 1975, a St. Louis officer who knew Minor found him in a pool hall in St. Louis and placed him under arrest. At the time of his arrest, Minor gave the name Lee and denied his identity. Minor was returned to the Department of Corrections and the charge out of which this appeal arose was filed against him.

On this appeal, two points are raised by appellant. He complains that the evidence was insufficient to support his conviction and that his motion for acquittal at the close of the evidence should have been sustained. The essence of both allegations is that the state failed to show beyond a reasonable doubt that he willfully failed to return from his furlough.

The evidence in this case was sufficient to permit the jury to find beyond a reasonable doubt that appellant's failure to return was willful. He was advised of the time that he was to return and specifically requested to return promptly. He sought an extension of his furlough and, with knowledge that he had not been granted an extension, decided not to return.

■ Appellant argues that the evidence left unanswered questions as to his mistaken belief that an extension might be granted. However, appellant's own testimony was that the extension was not granted and he nevertheless decided not to return. He states that the state failed to prove that no extension was granted. The state's evidence did show the duration of the furlough and the state was not required to negative any possibility of its extension. In any event, insofar as the willfulness of appellant's failure to return was concerned, he made no assertion of a grant of an extension and did not predicate his failure to return upon a reasonable belief that an extension had been granted. Nor was the state required to show appellant could have returned or that he was not prevented from doing so. The state was not required to negative all possible explanations for appellant's failure to return (*State v. Turley,* 442 S.W.2d 75, 77[2] (Mo. banc 1969)), particularly when defendant's own testimony provided the reason for his failure to return.

■ Viewing the evidence favorable to the state as a whole and giving the state

the benefit of all favorable inference, (*State v. Strong*, 484 S.W.2d 657, 661[9] (Mo.1972); *State v. Holmes*, 434 S.W.2d 555, 558[1] (Mo.1968); *State v. Decker*, 326 Mo. 946, 33 S.W.2d 958, 961[1–3] (Mo.1930)), there is no basis to complain that the evidence was insufficient to support the verdict of guilty.

Judgment affirmed.

All concur.